**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

---

**Summary Calendar
No. 98-50519**

---

**LULAC OF TEXAS; GAVINO FERNANDEZ, JR.; EL CONCILIO;
BLACK CITIZENS TASK FORCE; DOROTHY TURNER; SISTERS N THE 'HOOD;
VELMA ROBERTS; RACHEL SALINAS-JOHNSON; JANE PEREZ;
CHARLES PATTON; and, ANDREA LUCENA RAUSCH;**

> **Plaintiffs-Appellants,**

**v.**

**CITY OF AUSTIN;**

> **Defendant-Appellee,**

---

**Appeal from the United States District Court
for the Western District of Texas
(A-97-CV-908-SS)**

---

April 27, 1999

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Appellants ask this court to reverse the decision of a 3-judge district court and award them attorneys' fees in a Voting Rights preclearance case. Finding no abuse of discretion, we affirm.

On December 18, 1997, the City of Austin completed "a large, ambitious, and well-publicized annexation program." Included within the area of the proposed annexation were several municipal utility districts ("MUDs"). Under Texas law, the MUDs

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

would automatically dissolve ninety-one days after annexation or on any date within ninety days of the annexation when prescribed by ordinance of the annexing municipality. See Tex. Loc. Gov't Code § 43.075(e). At noon on December 19, the City moved by ordinance to dissolve the MUDs and their elected governing boards pursuant to Tex. Loc. Gov't Code § 43.075(e). That same day, the appellants filed a complaint in the district court attempting to enjoin the annexation of the affected territories and the dissolution of the MUDs prior to Department of Justice preclearance under Section 5 of the Voting Rights Act, 42 U.S.C. § 1973c.

Late on December 19, the district court denied the appellants' request for a temporary restraining order. On December 24, the City forwarded its preclearance application to the Department of Justice. Included within the submission was a conditional request for preclearance of the MUD dissolutions. The City argued that the MUD dissolutions did not require preclearance under Section 5. If, however, the Department of Justice determined post-submission that the MUD dissolutions required preclearance, the City requested that the application be construed as a preclearance request.

On December 30, after the empaneling of a three-judge court, the district court entered a preliminary injunction ordering the City not to dissolve the MUD governing boards and to account separately for the assets of the annexed MUDs in the event

preclearance was not granted for the annexations.[1]  The City, however, was charged with the operation and management of the annexed areas, and the MUDs were not otherwise permitted to operate.  On March 10, 1998, the Department of Justice precleared the annexations and the dissolution of the affected MUDs.

Following Department of Justice preclearance, the district court denied the appellants' request for attorneys' fees and dismissed the case with prejudice.  In its order denying fees, the district court found that the filing of the appellants' complaint had not caused the City to alter its conduct with respect to preclearance for the annexation.  The appellants timely appealed this denial.

A district court's denial of attorneys' fees is reviewed for abuse of discretion and supporting factual findings are examined for clear error.  See Wilson v. Mayor and Board of Alderman, 135 F.3d 996, 998 (5th Cir. 1998).

Under the Voting Rights Act, a "prevailing party" may recover attorneys' fees.  See 42 U.S.C. §§ 1973l(e), 1988.  To be considered a prevailing party, a plaintiff must obtain relief which materially alters the defendant's behavior in a way that benefits the plaintiff.  See Wilson, 135 F.3d at 998.  This relief may be obtained through settlement, judgment, or the unilateral action of the defendant.  See id.  If the defendant's unilateral acts achieve the identified goals of the litigation, then the plaintiff must

---

[1]Only a few of the annexed MUDs were included in the December 30 order.  On December 31, at the appellants' request, the district court amended the order to include all annexed MUDs.

3

show that the suit was a "substantial factor" or a "significant catalyst" in motivating the defendant's conduct. See Leroy v. City of Houston, 831 F.2d 576, 579 (5th Cir. 1987) (quoting Hennigan v. Ouachita Parish Sch. Bd., 749 F.2d 1148, 1152 (5th Cir. 1985)). A technical victory may be so insignificant, however, that a plaintiff might not be entitled to an award. See Wilson, 135 F.3d at 998 (citing Texas State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 792, 109 S. Ct. 1486, 1493 (1989)).

This case involves just such a technical victory. As stated in the appellants' complaint, the primary goal of this litigation was to prevent both the annexation of the affected areas and the dissolution of the MUDs prior to preclearance. The district court found that the City clearly intended to submit the annexation to the Department of Justice for Section 5 preclearance. Thus, the appellants' only argument for attorneys' fees is that the City intended to dissolve the MUDs without requesting preclearance for the action. However, the district court properly considered the chronology of the annexation and rejected this argument.

As this court stated in Posada v. Lamb County, the appellants in this dispute "simply caught the train as it pulled out of the station." 716 F.2d 1066, 1071 (5th Cir. 1983). Within a week after the annexation and within five days after this lawsuit was filed, the City presented a preclearance plan, which had been substantially completed before suit was filed, to the Department of Justice; this submission included a conditional request for preclearance of the MUD dissolutions. The district court, better

**4**

situated than we to resolve this factually intensive inquiry,[2] found that the plaintiffs won nothing.  Its finding is not clearly erroneous.  The annexations went forward without delay, and the MUD dissolutions were only formalistically put off.  Even assuming the MUD dissolutions were required to be submitted for Section 5 preclearance, the City intended to comply with Section 5 and agreed not to dissolve the MUDs during the pendency of preclearance review.  Thus, the technical victory in this proceeding, if any, was merely derived from the premature filing of the lawsuit and failed to secure any benefit for the appellants.

The district court did not abuse its discretion by denying the appellants' request for attorneys' fees.

**AFFIRMED.**

---

[2]See Posada, 716 F.2d at 1072.